**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:26-CR-00007-MAC** |
| | § | |
| | § | |
| **ALFONZO KYLE GARCIA** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 12, 2026, alleging that Defendant, Alfonzo Kyle Garcia, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I.  The Original Conviction and Sentence**

Alfonzo Kyle Garcia was sentenced on October 31, 2023, before The Honorable Nelva Gonzales Ramos, of the Southern District of Texas, after pleading guilty to the offense of Transportation of an Undocumented Alien, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. Alfonzo Kyle Garcia was subsequently sentenced to 15 months' imprisonment followed by a 2 year term of supervised release subject to the standard conditions of release, plus special conditions to include testing and treatment for substance abuse, no possession of controlled substances without a valid

1

prescription, no use or possession of alcohol, no use of psychoactive substances, and a $100 special assessment.

## II.  The Period of Supervision

On June 28, 2024, Garcia completed his period of imprisonment and began service of the supervision term.    On or about February 17, 2026, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations.  The petition alleges that Garcia violated the following conditions of release:

Allegation 1. You must not commit another federal, state or local crime.

Allegation 2. You must not commit another federal, state or local crime.

Allegation 3. You must not possess or consume alcoholic beverages.

Allegation 4. : If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

## IV.  Proceedings

On April 29, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the fourth allegation that claimed he failed to notify his probation officer within 72 hours of contact with law enforcement on July 23, 2025.   In return, the parties agreed that he should serve a term of 16 months' imprisonment with one year of  supervised release to follow.

2

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class D felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to notify his probation officer within 72 hours of contact with law enforcement, Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 3 years.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of

4

supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify his probation officer within 72 hours of contact with law enforcement on July 23, 2025. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is II. The policy statement range in the Guidelines Manual is 4 to 10

months.  Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 16 months with one year of supervised release to follow.  The court finds that an upward departure is warranted in this case due to the serious allegations in the petition and the fact that he received a downward variance on his original sentence.

### VII.  Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify his probation officer within 72 hours of contact with law enforcement on July 23, 2025.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 16 months' imprisonment with one year of supervised release to follow.  Defendant requested to serve his prison term at the Federal Correctional Institution in Houston, Texas.  Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case shall be re-imposed.  Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in Defendant's Presentence Investigation Report.

### VIII.  Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and

consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 30th day of April, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE